77 F.3d 934
 Prod.Liab.Rep. (CCH) P 14,514
Lynn ALIOTO, Plaintiff-Appellant,
v.
MARSHALL FIELD'S & COMPANY, a foreign corporation, and ABC
Insurance Company, a fictitious insurance
corporation, Defendants-Appellees.
 No. 95-2139.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 8, 1995.
Decided Feb. 21, 1996.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 90 C 202--Rudolph T. Randa, Judge.
 Perry H. Friesler (argued), Davis & Kuelthau, Milwaukee, WI, for Plaintiff-Appellant.
 Douglas L. Prochnow, Wildman, Harrold, Allen & Dixon, Chicago, IL, Thomas N. Klug, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, David F. Pardys (argued), Wildman, Harrold, Allen & Dixon, Waukegan, IL, for Defendants-Appellees.
 Before POSNER, Chief Judge, and LAY* and ROVNER, Circuit Judges.
 ILANA DIAMOND ROVNER, Circuit Judge.
 
 
 1
 On February 2, 1988, while lunching at Marshall Field's in Skokie, Illinois, Lynn Alioto bit into a piece of glass "about the size of the bottom of a soda bottle," which had been buried in her pasta salad.[1] In a complaint filed on February 5, 1990, Alioto alleged numerous resulting injuries, including "several broken teeth, pain in her face, ears and neck, dizziness, ringing in her ears, shifting of her jaw, nausea, headaches, fatigue, constipation, diarrhea, loss of earning capacity and emotional distress." Defendants moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(6), asserting that Alioto's claim was time-barred under Illinois' two-year statute of limitations.[2] Alioto argued that the limitations period had not expired because, according to her complaint, she first discovered her injuries three months after the accident. District Judge Stadtmueller denied Marshall Field's motion in a June 20, 1991 order, and the parties proceeded with discovery.
 
 
 2
 In September 1992, the case was reassigned to Judge Randa, and the parties continued with discovery until a trial date was finally set for April 1995. Based on Alioto's deposition testimony pertaining to pain and other aspects of her experience on the day of the accident, Marshall Field's reasserted its statute of limitations argument in the trial brief that it submitted on April 7, 1995. On April 10, the district court dismissed the case, holding that it was indeed time-barred under the Illinois statute.
 
 
 3
 There is some ambiguity, however, as to the precise nature of the district court's ruling. The court framed its decision as one on Marshall Field's "renewed motion to dismiss," although the record contains no renewed motion, and neither party suggests on appeal that any such motion was made, either orally or in writing. In addition, the district court's characterization of its ruling as based on Rule 12(b)(6) is belied by the court's heavy reliance on the deposition statements of Alioto. (See April 10, 1995 Memorandum Opinion and Order.) As Alioto notes, when dismissing a complaint for failure to state a claim under Rule 12(b)(6), the district court may not look to materials beyond the pleading itself. Fed.R.Civ.P. 12(b); Fleischfresser v. Directors of School Dist. 200, 15 F.3d 680, 684 & n. 8 (7th Cir.1994). If the court does consider extrinsic materials, the motion must be converted into one for summary judgment. Id. And although we have at times allowed such conversion to be implicit, reversal of such a ruling may become necessary if the district court has not provided the adversely affected party with notice and an opportunity to respond. Id.
 
 
 4
 Still, reversal is not required in every instance of procedural shortfall. Instead, a litigant like Alioto who seeks to upset a judgment because it resulted from the improper conversion of a 12(b)(6) motion into one for summary judgment must show that notice and an opportunity to respond would have mattered. She must, that is, establish that she would have been able to create a material factual dispute, which would have precluded the grant of summary judgment. Id. at 685.[3] Because Alioto has failed to make this showing here, we affirm the district court's dismissal of her complaint.
 
 
 5
 In Golla v. General Motors Corp., 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894 (1995), the Illinois Supreme Court recently spoke directly to the statute of limitations issue raised by Alioto's claim. Golla was injured in an automobile collision when her seat lurched forward and trapped her shoulder between the seat back and the passenger restraint. Golla received medical care immediately after the accident and experienced pain in her shoulder within the next year. It was not determined until three years after the accident, however, that she had developed a serious condition in her shoulder as a result of the compression. Although Golla filed a products liability action against General Motors less than a year after her condition was diagnosed, four years had by then transpired since her accident.
 
 
 6
 Describing the issue as one of first impression, the court framed the statute of limitations question raised by Golla's claim in this way:
 
 
 7
 [W]hen an accident occurs which causes the plaintiff to suffer an immediate physical injury ... and later more serious injuries appear ... which arose from the same accident, when does the plaintiff's cause of action "accrue" for statute of limitations purposes?
 
 
 8
 Id. 212 Ill.Dec. at 552, 657 N.E.2d at 897. The court held that when a plaintiff's injury is caused by a "sudden traumatic event," the statute of limitations begins to run on the date of the accident. The court justified this rule by explaining that "the nature and circumstances surrounding the traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." Id. 212 Ill.Dec. at 554, 657 N.E.2d at 899. The limitations period begins to run, under the court's analysis, when the plaintiff first either is or should be aware of her right to sue. Id. The fact that the full value of that right may not become clear until the plaintiff later discovers the full extent of her injury does not toll the statute from running. Id. 212 Ill.Dec. at 554-55, 657 N.E.2d at 899-900. In the court's words:
 
 
 9
 There is no requirement that a plaintiff must discover the full extent of her injuries before the statute of limitations begins to run. Because the plaintiff knew or should have known at the time of the accident both that she was injured and that the injury may have been wrongfully caused, the limitations period commenced at that time.
 
 
 10
 Id. 212 Ill.Dec. at 556, 657 N.E.2d at 901. Like Alioto, Golla argued that her known injury was de minimis compared to the latent injury that she later discovered. The court rejected this argument, explaining that even a de minimis injury suffices to begin the running of the statute so long as it is sufficient to put the plaintiff on notice that she has a right to sue. Id. 212 Ill.Dec. at 557, 657 N.E.2d at 902.
 
 
 11
 In light of Golla, Alioto could not have raised a material issue of fact regarding the onset of her injury even with notice and an opportunity to respond before the district court's entry of judgment. Alioto's deposition was full of references to pain that arose immediately after she bit the glass. She testified several times, for example, that she felt "some pain on the left side" immediately after biting into the glass. (See, e.g., Alioto Dep. at 13, 30.) She also testified that she felt discomfort around her ear that "never ended. It just kept getting worse." (Id. at 17.) Alioto argues that with an opportunity to respond she could have rebutted this evidence with testimony from her physician. But under Golla, there is no material question that could have been illuminated by the testimony of a physician. Alioto's subjective experience of pain, along with the occurrence of a sudden traumatic event that she knew had given rise to the pain, was sufficient under Illinois law to start the running of her limitations period. There is simply nothing that her physician could have said that would have altered the conclusion that the statute of limitations began to run immediately after the accident occurred. Even if, as she asserts, Alioto was completely and justifiably unaware of any additional injuries until three months after she bit the glass, she could not have escaped dismissal under Golla.[4]
 
 
 12
 Under Golla, Alioto's admissions of pain were enough to open her two year window for filing suit. Just as in Golla, Alioto was aware at the time of her accident both that she had been injured (she felt pain) and that her injury may have been wrongfully caused by the negligence of Marshall Field's. This is all that is required under Illinois law to begin the running of her limitations period. Because Alioto has failed to establish that she could have created a factual dispute regarding the immediate onset of her pain, she has not established that the outcome would have differed if she had been given an opportunity to respond to Marshall Field's evidence. We therefore affirm the district court's dismissal of her action.
 
 
 
 *
 Judge Donald P. Lay of the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 Because this case was dismissed under Rule 12(b)(6), we accept as true the facts set out in Alioto's February 5, 1990 complaint. Alioto originally filed suit in a Wisconsin state court, but defendants removed the case to the Eastern District of Wisconsin based on diversity of citizenship
 
 
 [2]
 735 ILCS 5/13-202 provides:
 Actions for damages for an injury to the person ... shall be commenced within 2 years next after the cause of action accrued....
 The parties do not dispute that Wisconsin law looks to the statute of limitations of the forum in which the cause of action accrued, making the Illinois statute applicable here. See Wis.Stat. § 893.07(1) ("If an action is brought in this state on a foreign cause of action and the foreign period of limitations which applies has expired, no action may be maintained in this state.").
 
 
 [3]
 Alternatively, a dismissal that follows from the consideration of extrinsic materials may also be affirmed if Rule 12(b)(6) dismissal would have been appropriate without reference to those materials. R.J.R. Services, Inc. v. Aetna Casualty and Surety Co., 895 F.2d 279, 281 (7th Cir.1989)
 
 
 [4]
 Among the injuries that Alioto allegedly discovered three months after her accident were "several broken teeth." (Complaint p 5.) We have difficulty conceiving of a circumstance in which several broken teeth could have gone undetected for three months. It seems that reasonable diligence following an accident of this type would have uncovered several broken teeth, or even several cracked teeth. In light of Alioto's deposition testimony and the absence of any factual dispute on the issue of her immediate pain, we need not decide whether the allegation of several broken teeth would have made dismissal appropriate based on the complaint alone, an alternative ground on which we could have affirmed the district court's decision